12-4212
Ford v. Smith

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of September, two thousand thirteen.

PRESENT:
   GUIDO CALABRESI,
   DEBRA ANN LIVINGSTON,
   DENNY CHIN,
    *Circuit Judges.*

_____

Corey Ford,

    *Plaintiff-Appellant,*

   v.        12-4212

C.O. Palmer, Correctional Officer, *et al.,*

    *Defendants-Appellees.*

_____

FOR PLAINTIFF-APPELLANT: Corey Ford, *pro se*, Wallkill, NY.

FOR DEFENDANTS-APPELLEES: Eric T. Schneiderman, Attorney General of the State of New York, Barbara D. Underwood, Solicitor General, Andrea Oser, Deputy Solicitor General, Kate H. Nepveu, Assistant Solicitor General of Counsel, Albany, NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (Suddaby, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment is **AFFIRMED IN PART** and **REVERSED IN PART**, and the case is **REMANDED** for further proceedings consistent with this order.

Appellant, Corey Ford, *pro se*, appeals from the district court's grant of summary judgment to the defendants, dismissing his civil rights complaint, and from the district court's *sua sponte* dismissal of Ford's First Amendment retaliation claim pursuant to the court's authority under 28 U.S.C. § 1915A(b). We reverse the district court's *sua sponte* dismissal of Ford's First Amendment retaliation claim and affirm in all other respects. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

*     *     *

We review the grant of summary judgment *de novo* with the view that "[s]ummary judgment is appropriate only if the moving party shows that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law." *Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003). After an independent review of the record and relevant case law, we conclude that Ford's appeal from the dismissal of his claims pursuant to 42 U.S.C. § 1983, for the violation of his free exercise and equal protection rights, is without merit for substantially the reasons stated by the district court in its order dated September 28, 2012.[1]

We reach a different conclusion regarding the dismissal of Ford's First Amendment retaliation claim. We review *de novo* dismissals pursuant to Rule 12(b)(6) and § 1915(e)(2). *See Famous Horse Inc. v. 5th Ave. Photo Inc.*, 624 F.3d 106, 108 (2d Cir. 2010); *Giano v. Goord*, 250 F.3d 146, 150 (2d Cir. 2001). The complaint

---

[1] We affirm the dismissal of Ford's Religious Land Use and Incarcerated Persons Act (RLUIPA), 42 U.S.C. § 2000cc-1, claims for the independent reason that RLUIPA does not provide a cause of action for damages against state officials in their official capacities, *see Sossamon v. Texas*, 131 S. Ct. 1651 (2011), or in their individual capacities, *see Washington v. Gonyea*, No. 11-980-cv 2013 WL 4792375, at *2 (2d Cir. Sept. 10, 2013) (per curiam).

3

must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Because Ford filed his complaint *pro se*, "it must be construed liberally to raise the strongest arguments it suggests." *Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013) (internal quotation marks and alterations omitted).

Ford alleges that Correction Officer Law violated Ford's First Amendment right to free speech when Law retaliated against Ford for reporting Law's failure to provide Ford with hot water for his Ramadan breakfast. To prevail on a First Amendment retaliation claim brought under 42 U.S.C. § 1983, a prisoner must demonstrate "(1) that the speech or conduct at issue was protected, (2) that the defendant took adverse action against the plaintiff, and (3) that there was a causal connection between the protected speech and the adverse action." *Espinal v. Goord*, 558 F.3d 119, 128 (2d Cir. 2009) (internal quotation marks omitted). "Only retaliatory conduct that would deter a similarly situated individual of ordinary firmness from exercising his or her constitutional rights constitutes an adverse action for a claim of retaliation." *Dawes v. Walker*, 239 F.3d 489, 493 (2d Cir. 2001) *overruled on other grounds*, *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 (2002). "This objective inquiry is not static across contexts, but rather must be tailored to

4

the different circumstances in which retaliation claims arise." *Dawes*, 238 F.3d at 493 (internal quotation marks omitted).

The district court erred in its *sua sponte* dismissal of Ford's retaliation claim on the basis that Officer Law's alleged statements did not constitute "adverse action" as a matter of law. Ford's amended complaint states that "plaintiff was threaten [sic] by C.O. Law defendant, to put some kind of substance in plaintiff's hot water for writing complance [sic] and grievances to defendant Smith for being denied his right to practice his religion." Read liberally, the complaint alleges that Officer Law threatened to poison Ford in retaliation for the statements Ford made.[2] The district court erred in reasoning, as a matter of law, that verbal threats must be more definite and specific than Officer Law's alleged threat in order to constitute "adverse action." In fact, in this context, the vague nature of the alleged threat—*i.e.*, not telling Ford when or how Officer Law planned to poison him—could have enhanced its effectiveness as a threat and increased the likelihood that a person of ordinary firmness would be deterred

---

[2] While the retaliation claim was dismissed on the pleadings, we also note that this threat must be considered in the context of evidence in the record suggesting Law denied plaintiff hot water for retaliatory reasons on more than one occasion.

5

from filing additional grievances.  Further, the district court's reliance on the fact that Ford continued to file grievances was in error.  *Gill v. Pidlypchak*, 389 F.3d 379, 381 (2d Cir. 2004).  As we have stated, the "objective test [for First Amendment retaliation] applies even where a particular plaintiff was not himself subjectively deterred; that is, where he continued to file grievances and lawsuits." *Id*.  Moreover, the record contains evidence that plaintiff was in fact deterred on one or more occasions from accepting hot water from Law. Accordingly, we conclude that Ford has plausibly alleged that Officer Law's alleged actions constituted adverse action.

We have considered Ford's remaining arguments and find them to be without merit.  For the foregoing reasons, the judgment of the district court is **AFFIRMED IN PART** and **REVERSED IN PART**, and the case is **REMANDED** for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6